Matter of the Judicial Settlement of the Account of
LAWRENCE MILLER and CHARLOTTE MILLER, as
Executors of the Last Will and Testament of MARY
MILLER, Deceased.

(Surrogate's Court, Bronx County, October, 1916.)

**Executors and administrators — accounting — infants — wills.**

Upon the settlement of the decree on an accounting by
executors, it appeared that an infant was born subsequently to
the death of the testatrix.

Held, that such infant did not take under the provisions of
the will for the reason that the language of the same explicitly
provided that the lawful descendants of the daughters in ques-
tion who are to receive the share in question to which the
parent would have been entitled are such children as survive
the testatrix.

PROCEEDING upon the judicial settlement of the
account of executors.

George W. Ellis, for petitioners.

Bayard L. Peck, for respondent.

Charles L. Denks, Frederick A. Stroh, Thomas Gil-
leran, special guardians for infant respondents.

John J. Hynes, special guardian for incompetent
respondents.

SCHULZ, S.  The will of the testatrix contains a
clause of which the parts material to the question
determined are as follows:  " I give, devise and
bequeath all the rest, residue and remainder of my

Surrogate's Court, Bronx County, October, 1916. [Vol. 97.

property   *  *  *   unto my children surviving me and the lawful descendants surviving me of any of my children dying before me, *per stirpes* but not *per capita*, excepting my daughters, Elizabeth Bonan, Kate Zanini and Mary Smith  * * *  but if any of my last named daughters has lawful descendants surviving me, I give the share to which the parent would have been entitled if living had I died intestate to such lawful descendants surviving me, *per stirpes* but not *per capita*  * * *.''

Subsequently to the testatrix's death, there was born to Mary Smith, a son, Thomas Bartlett Smith. Upon the settlement of the decree on this accounting, I am asked to determine whether Thomas Bartlett Smith is entitled to any part of the decedent's estate.

I am of the opinion that the infant does not take under the provisions above quoted, for the reason that the language of the same explicitly provides that the lawful descendants of the daughters in question who are to receive the share to which the parent would have been entitled are such as survive the testatrix.

If the provision had not in explicit terms stated that the legacy and devise were to the children of her daughter '' surviving me,'' but had merely been in general terms to the children of her daughter, none but children who were born or begotten previous to that time would have been entitled to share. *Jenkins* v. *Freyer*, 4 Paige, Ch. 47; *Campbell* v. *Rawdon*, 18 N. Y. 412; *Matter of Smith*, 131 id. 239; *Matter of Brown*, 154 id. 313; *Robinson* v. *Martin*, 138 App. Div. 310; affd., 200 N. Y. 159. Such being the case, it surely cannot be argued that the use of the words '' surviving me '' showed any intent to change the rule. If I should hold the contrary, it would mean that a distribution of that part of the residue to which the children

of the three daughters named are entitled, could not be made until the possibility of further issue was at an end. I cannot read such an intention from this will.

It is not necessary upon the settlement of the decree on this accounting to determine whether the infant in question takes anything under the will after the termination of the estate granted to Annie Miller, and upon the termination of the trust for the benefit of Lillie Miller. No embarrassment results from a postponement of such a determination until the necessity therefor arises, at which time the party in question may be of full age; hence I state no conclusions with reference thereto.

Decreed accordingly.